# Wytheville.

## MONTAGUE MANUFACTURING COMPANY v. HOMES CORPORATION.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. CONTRACTS—*Actions on Contract—Action by Parties not Named in Contract.*—If a contract sued on is for the sole or "exclusive benefit of the parties therein named," then a party not named therein cannot. sue for a breach of the contract.

2. CONTRACTS—*Actions—Parties—When Person not Named a Party or Named Jointly with Others May Take or Sue Under Instrument—Section 5143 of the Code of 1919.*—Section 5143 of the Code of 1919 greatly enlarged the right of action of beneficiaries under contracts to which they were not parties. This enlargement and the reasons therefor are set forth in the note of the revisors to that section. It was not the purpose of that section to limit or restrict the powers of parties to contract, or their right to select the parties with whom they would contract, or to prevent parties from limiting the right of action to the immediate parties with whom the contract was made,. nor to create beneficiaries not made so by the contract, but to, extend the remedy on the conracts mentioned in the section to, beneficiaries under the contracts, where such extension was not forbidden by the terms of the contract itself.

3. GUARANTY—*Guaranty of a Contract to Pay in Full the Liability of a Corporation—Action by Creditor of Corporation against Guarantor in His Own Name—Section 5143 of the Code of 1919—Case at Bar.*—In the instant case, one Arthur agreed with a corporation and other named parties to liquidate and pay in full all of the liabilities of the corporation then existing, or thereafter arising. Attached to this contract was the guarantee of defendant of the performance by Arthur of the contract. There could be no doubt that the Arthur contract was made, in part at least, and very largely, for the benefit of the creditors of the corporation. The Arthur contract was an obligation to the obligees jointly and severally, and the guaranty undertook to extend its benefit to the parties likewise jointly and severally.

Held: That the contract of guaranty was not for the exclusive benefit of the parties therein named, but it inured to the benefit of the

creditors of the corporation, and that under section 5143 of the Code of 1919 plaintiff, a creditor, could prosecute his action against defendant upon the guaranty in his own name.

4. CONTRACTS—*Construction—Courts Cannot Read Into a Contract Words not Contained Therein.*—A court has no power to read into a contract words of exclusion not contained therein.

5. CONTRACTS—*Action by Parties not Named in the Contract—When Person not Named a Party or Named Jointly with Others May Take or Sue Under Instruments—Section 5143 of the Code of 1919.*—Section 5143 of the Code of 1919, providing when a person not named a party or named jointly with others may take or sue under an instrument, is highly remedial and should be liberally construed in order to accomplish the ends manifestly intended.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*A. B. Dickinson* and *E. A. Bilisoly*, for the plaintiff in error.

*Hugh C. & Hugh W. Davis*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action of assumpsit in which, after the declaration was filed and a demurrer thereto by the defendant was sustained, the court permitted the case to be transferred to the equity side of the court, with liberty to the plaintiff to amend his pleadings. A bill was filed by the complainant and a demurrer thereto by the defendant. Before any action was taken by the trial court, the case was retransferred, by consent of parties, to the law side of the court, and the plaintiff

was given leave to file an amended declaration. The amended declaration was filed, to which the defendant demurred, and the court sustained the demurrer and dismissed the action.

There was no appearance in this court for the defendant in error, and we have not had the benefit of any argument on its behalf, but its view of the law of the case may be gathered from the terms of the demurrer. The plaintiff's view is fully set forth in both the original and amended declarations. The amended declaration is in the following words and figures:

"The plaintiff, Montague Manufacturing Company, a corporation organized and existing under and by virtue of the laws of the Commonwealth of Virginia, complains of the defendant, Homes Corporation, a corporation organized and existing under the laws of the Commonwealth of Virginia, of a plea of trespass on the case in assumpsit, for this, to-wit:

"That heretofore, to-wit, on the 1st day of October, 1920, John Gill and Sons, Inc., became and was indebted to the plaintiff in the sum of eleven thousand dollars ($11,000.00), with interest from June 5, 1920, together with two hundred dollars ($200.00) attorneys. fees, with interest from July 28, 1920, and nineteen dollars and eighty-eight cents ($19.88) court costs; and. in the further sum of forty-two hundred and five dollars. and twenty-five cents ($4,205.25), with interest thereon from June 1, 1920, and three hundred and seventeen dollars and five cents ($317.05), with interest thereon from August 1, 1920, and fourteen dollars and sixty cents ($14.60) court costs, all of which is for the price and value of goods before that time sold and delivered by the plaintiff to John Gill and Sons, Inc., at its special instance and request, and for all of which said amounts.

the plaintiff, Montague Manufacturing Company, a corporation, secured judgment in the Court of Law and Chancery of the city of Norfolk, Virginia, against the said John Gill and Sons, Inc., but said John Gill and Sons, Inc., was then insolvent, and the plaintiff was not able and will not be able to collect the said judgment.

"That on the 2nd day of June, 1920, John Gill and Sons, Incorporated, John T. Gill, K. F. Gill and D. G. Aronberg, jointly and severally made and entered into a certain written agreement for valuable considerations with one P. M. Arthur, whereby and by virtue of the terms of said agreement the said P. M. Arthur promised and agreed to liquidate and pay in full, on or before October 1, 1920, all of the liabilities of said John Gill and Sons, Inc., then existing, or thereafter arising, and of every kind and character, and to perform all of its contractual obligations, and the said John Gill and Sons, Inc., turned over to the said P. M. Arthur all of its then existing assets for the purpose of making the aforesaid liquidation; that said P. M. Arthur, by virtue of the aforesaid agreement of June 2, 1920, took over the said assets of John Gill and Sons, Inc., and proceeded to liquidate the business of said John Gill and Sons, Inc., but refused and neglected to pay to plaintiff the said sums in this count mentioned, or any or either of them, or any part thereof, and said P. M. Arthur is now a bankrupt with no unsecured assets.

"That on the 2nd day of June, 1920, Homes Corporation, defendant herein, made and entered into a certain agreement with John Gill and Sons, Inc., John T. Gill and K. F. Gill and D. G. Aronberg, in words and figures following:

" 'Messrs. John Gill and Sons, Inc.,
  " 'John T. Gill and K. F. Gill,
    " 'Cleveland, Ohio.
" 'D. G. Aronberg, Norfolk, Va.
" 'Gentlemen:
 " 'For valuable consideration, received by the undersigned Homes Corporation, and especially of $5.00 by it received this date, the Homes Corporation hereby guarantees the performance by P. M. Arthur of the contracts and agreements executed this day by him, copies of which contracts and agreements are hereto attached and made a part hereof, initialed by me, this obligation being for the benefit of said parties, jointly and severally.

 " 'In witness whereof, the Homes Corporation has caused its name to be subscribed hereto by its president and chairman of the executive committee authorized in the premises, and its corporate seal hereto attached, at Norfolk, Virginia, this 2nd day of June, A. D. 1920.

    " 'Homes Corporation,
      " 'By F. R. Harris, President and Chairman of Executive Committee.'

"The contracts and agreements made and entered into on the 2nd day of June, 1920, by John Gill and Sons, Inc., John T. Gill and K. F. Gill and D. G. Aronberg, with P. M. Arthur, whereby the said P. M. Arthur became obligated and bound to liquidate the said business of John Gill and Sons, Inc., are the contracts and agreements referred to in the aforesaid guarantee of Homes Corporation to John Gill and Sons, Inc., John T. Gill and K. F. Gill, of Cleveland, Ohio, and D. G. Aronberg, of Norfolk, Virginia, became and were a part of aforesaid guarantee of Homes Corporation, and said guarantee was made especially for the benefit of plaintiff and by virtue of said guarantee, the defendant,

Homes Corporation, became and was liable to pay the plaintiff said sums in this count mentioned and set out.

"Yet the said defendant, Homes Corporation, not regarding its said promises and undertaking, but contriving and intending to deceive and defraud the said plaintiff in this behalf, hath not yet accounted to the said plaintiff for said sums due and owing by John Gill and Sons, Inc., to it, nor has said defendant paid to said plaintiff said sums or any part thereof, although demanded so to do, but to pay the same hath hitherto wholly neglected and refused, and still doth neglect and refuse to the damage of said plaintiff, seventeen thousand dollars ($17,000.00).

"And also in the sum of eleven thousand dollars ($11,000.00), with interest from June 5, 1920, together with two hundred dollars ($200.00) attorney's fees, with interest thereon from July 28, 1920, and $19.88 court costs, and in the further sum of forty-two hundred and five dollars and twenty-eight cents ($4,205.28), with interest thereon from June 1, 1920, and three hundred and seventeen dollars and five cents ($317.05), with interest thereon from August 1, 1920, and $14.60 court costs; all of which is for the price and value of work before that time done by the plaintiff for John Gill and Sons, Inc., at its special instance and request, and the payment of which the said defendant has guaranteed under the same conditions as exist in the first count herein set out.

"And also in the sum of eleven thousand dollars ($11,000.00), with interest from June 5, 1920, together with two hundred dollars ($200.00) attorney's fees, with interest from July 28, 1920, and $19.88 court costs; and in the further sum of forty-two hundred and five dollars and twenty-eight cents ($4,205.28), with interest thereon from June 1, 1920, and three hundred and seventeen dollars and five cents ($317.05), with

interest thereon from August 1, 1920, and $14.60 court
costs; all of which is for money before that time lent by
the plaintiff for the use of the defendant at its special
instance and request, and the payment of which the
said defendant has guaranteed under the same condi-
tions as exist in the first count herein set out. .

"And also in the sum of eleven thousand dollars
($11,000.00), with interest from June 5, 1920, together
with two hundred dollars ($200.00) attorney's fees,
with interest from July 28, 1920, and $19.88 court
costs; and in the further sum of forty-two hundred and
five dollars and twenty-eight cents ($4,205.28), with
interest thereon from August 1, 1920, and $14.60 court
costs; all of which is for money and property before
that time had and received by the defendant to the use
and benefit of the said plaintiff, and the payment of
which the said defendant has guaranteed under the
same conditions as exist in the first count herein set out.

"And also in the sum of eleven thousand dollars
($11,000.00), with interest from June 5, 1920, together
with two hundred dollars ($200.00) attorney's fees,
with interest from July 28, 1920, and $19.88 court
costs; and in the further sum of forty-two hundred and
five dollars and twenty-eight cents ($4,205.28), with
interest thereon from June 1, 1920, and three hundred
and seventeen dollars and five cents ($317.05), with
interest thereon from August 1, 1920, and $14.60 court
costs, for property of the said value before that time
had and received by the defendant for the use of the
said plaintiff, and being so indebted, the said defendant,
in consideration thereof, afterwards, to-wit, on the day,
month and year aforesaid, undertook and faithfully
promised the said plaintiff to pay to it the said several
sums of money hereinabove mentioned, when the said
defendant should be thereunto afterwards requested,
and the payment of which the said defendant has guar-

anteed under the same conditions as exist in the first count herein set out.

"And for this also, to-wit, that heretofore, to-wit, on the day, month and year aforesaid, the account of the said defendant was made, defined and ascertained by judgments rendered against John Gill and Sons, Inc., now an insolvent corporation, in favor of the said plaintiff of and concerning divers other sums of money due and owing to the said plaintiff, the payment of which sums of money the defendant guaranteed, and then in arrears and unpaid as follows:

"Judgment for eleven thousand dollars ($11,000.00) entered in the Court of Law and Chancery of the city of Norfolk, on July 28, 1920, with interest from June 5, 1920, together with two hundred dollars ($200.00) attorney's fees and $19.88 court costs; and judgment entered in the Court of Law and Chancery of the city of Norfolk, Virginia, on the 18th day of February, 1921, for the sum of forty-five hundred and twenty-two dollars and thirty-three cents ($4,522.33), with interest on forty-two hundred and five dollars and twenty-eight cents ($4,205.28) from June 1, 1920, and three hundred and seventeen dollars and five cents ($317.05) of the said amount from August 1, 1920, together with $14.60 court costs; and being so found in arrears and indebted to it, the said defendant, in consideration thereof undertook and faithfully promised the said plaintiff to pay to it the said several sums of money in this count last mentioned when it, the said defendant, should be thereunto afterwards requested.

"Yet the said defendant, not regarding its said several promises and undertakings, hath not as yet paid to the plaintiff said several sums of money or any or either of them, or any part thereof, although often

requested so to do, but to pay the same hath hitherto wholly neglected and refused and still doth neglect and refuse, to the damage of the said plaintiff seventeen thousand dollars.

"And therefore it institutes this action of trespass on the case in assumpsit."

To this declaration the defendant demurred as follows: "The defendant says that the declaration as a whole and each count thereof is insufficient in law, and. for grounds thereof says that it is apparent from the contract sued upon and set forth in the declaration that it, the contract, is for exclusive benefit of parties therein named, and there is therefore no privity between the plaintiff and the defendant."

[1] If the contract sued on is for the sole or "exclusive benefit of the parties therein named," then the demurrer was properly sustained. But is it?

[2] Section 5143 of the Code greatly enlarged the right of action of beneficiaries under contracts to which they were not parties. This enlargement and the reasons therefor are set forth in the note of the revisors to that section. It was not the purpose of that section to limit or restrict the powers of parties to contracts, or their right to select the parties with whom they would contract, or to prevent parties from limiting the right of action to the immediate parties with whom the contract was made, nor to create beneficiaries not made so by the contract, but to extend the remedy on the contracts mentioned in the section to beneficiaries under the contract, where such extension was not forbidden by the terms of the contract itself.

Section 5143, italicizing the words added by the revisors, is as follows: "When person not named a party, or named jointly with others, may take or sue under instrument. An immediate estate or interest in.

or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he is not a party thereto; and if a covenant or promise be made for the benefit, *in whole or in part*, of a person with whom it is not made, or with whom it is made jointly with others, such person, *whether named in the instrument or not*, may maintain thereon any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise. *In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well.*

[3-5] The contract between John Gill and Sons, Inc., John T. Gill, K. F. Gill and D. G. Aronberg, of the one part, and P. M. Arthur, of the other part, was in writing and is fully set out in the amended declaration. A copy of it was filed with the original declaration. By it Arthur agreed with the above parties "jointly and severally" to pay all the indebtedness of John Gill and Sons, Inc. The concluding paragraphs of that agreement are as follows:

"As collateral security for the performance of this agreement, the undersigned deposits herewith 105 shares of the preferred stock and 312½ shares of the common stock of the Homes Corporation.

"The original of this agreement, with attached certificates for said shares, is deposited with the Trust Company of Norfolk, Virginia, for the benefit of the parties hereto."

It will be observed that, by this contract, Arthur bound himself to the parties *jointly and severally* to pay said indebtedness.

The guaranty of the Homes Corporation had attached

to it, as a part thereof, the above contract of Arthur, and, reading the two together, we cannot doubt that the guaranty was intended to be coextensive with the obligation of the Arthur contract. No one can read the Arthur contract and doubt for a moment that it was made, in part at least, and very largely, for the benefit of the creditors of John Gill and Sons, Inc. In fact, none of the obligees in that contract could derive any benefit therefrom until said creditors were paid in full. The Arthur contract was an obligation to the obligees jointly and severally, and the guaranty undertook to extend its benefits to the parties likewise jointly and severally. Hence the language "this obligation being for the benefit of said parties, jointly and severally." The quoted words were used in the guaranty in the form of a letter addressed to a corporation and several individuals, and manifestly intended to conform to the character of the obligation created by the Arthur contract, and as that was a promise to the parties jointly and severally, so the guaranty was for the benefit of the same parties, jointly and severally. The guaranty is the same in effect as if it had said: "The Homes Corporation guarantees to the above mentioned parties, jointly and severally," etc. The language of the guaranty does not warrant the construction, placed thereon by the defendant, that "the said contract is for the exclusive benefit of the parties therein named." There are no such words of exclusion in the contract. It is simply a contract with certain designated parties, jointly and severally, thereby enabling them to sue thereon either jointly or separately. To give the contract of guaranty the construction contended for by the defendant would require us to read into it words of exclusion not contained therein, and this we have no power to do. If it had been the pur-

pose of the parties to limit the right of action on the contract to the immediate parties thereto, something clearly evincing such an intention would doubtless have been inserted therein, but none such can be found therein. The statute is highly remedial and should be liberally construed in order to accomplish the ends manifestly intended.

The guaranty is simply a contract by the guarantor with the parties named therein, jointly and severally, enuring to the benefit of the plaintiff, among others, and upon which the plaintiff has the right to sue under the terms of section 5143 of the Code. Upon the facts stated in the declaration, it is eminently just and equitable that the plaintiff should be permitted to prosecute this action in its own name. Arthur got all of the assets of the plaintiff's debtor, and promised to pay its debts, and the defendant guaranteed that he would do so.

We are of opinion that the trial court erred in sustaining the demurrer to each of the plaintiff's declarations, and that for such error its judgment must be reversed, and the cause be remanded, with liberty to the defendant to plead, and thereafter to be proceeded in according to law.

*Reversed.*