## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
## AND JAMES CITY COUNTY

Fairfield Williamsburg, Inc.

v.

Governor's Land Associates

v.

Leland Custom Homes, Inc.

September 11, 1996

Case No. (Law) 7545

BY JUDGE WILLIAM L. PERSON, JR.

The trial of this case was on a third party beneficiary claim asserted by Governor's Land against Leland Custom Homes (LCH), a construction company. The evidence will be recited briefly. Governor's Land sold a lot in its residential development to William Schnepp. Paragraph 16 of the contract stated that Governor's Land had to approve the builder and that the builder shall pay a marketing fee of 5% to Governor's Land. Schnepp made a written contract with LCH for the construction of a house, and the parties agreed that LCH would pay the fee to Governor's Land. The contracts are plaintiff's Exhibits 1 and 3. LCH did not read Paragraph 16 of the Governor's Land contract before it made the contract with Schnepp. LCH president Leland L. Blanding, IV, had spoken with the general manager of Governor's Land, who told Blanding that approved builders paid Governor's Land a 5% fee. LCH was approved to build the Schnepps' home and was allowed to submit an application to the Approved Builders program. LCH agreed with Schnepp that it would pay the 5% fee. LCH was not admitted to the Approved Builders program. The house was completed, but LCH has not paid the fee. Governor's Land asks that judgment be found in its favor against LCH for the five percent fee. The issue is

whether Governor's Land is a third party beneficiary to the contract between Schnepp and LCH. Based on the evidence presented at trial, I find that it is a third party beneficiary and find in favor of the plaintiff in the sum of $10,874.76, which is 5% of the $217,495.20 price of the house as stipulated by the parties.

### The Third Party Beneficiary Rule

Virginia Code § 55-22 is commonly known as the third party beneficiary rule. The rule allows a party, who is not a party to the contract under consideration, to sue on the contract if the contract contains a promise made in whole or in part for the benefit of that party. The third party can recover under the contract only if it shows that the parties to the contract clearly intended to benefit that party. *Valley Landscape Co. v. Rolland*, 218 Va. 257, 260, 237 S.E.2d 120, 122 (1977). The third party beneficiary statute is "highly remedial and should be liberally construed in order to accomplish the ends manifestly intended." *Montague Mfg. Co. v. Homes Corp.*, 142 Va. 301, 312, 128 S.E.2d 447 (1925).

The plaintiff argues that the Schnepp/LCH contract clearly confers a benefit on it. At trial after the plaintiff rested its case, the defendant moved to strike the plaintiff's case, asserting that the pleadings were insufficient, that there was no consideration flowing from Governor's Land to LCH because LCH was not in the Approved Builder program, that there was no pre-existing obligation of Schnepp to Governor's Land to be assumed by LCH, and that Governor's Land had not shown that the other parties intended to confer a benefit on it. The motion was overruled.

Three arguments were made then by the defendant at trial. First, that the pleadings were insufficient. Second, that the alleged obligation of LCH to Governor's Land, made in the LCH/Schnepp contract, must necessarily have been a pre-existing obligation of the Schnepps to Governor's Land. Third, that evidence pertaining to the LCH/Schnepp contract, but outside the four corners of that contract, should be admitted in this case to show that the obligation of LCH was conditioned on its receiving marketing benefits from Governor's Land. Each of these arguments fails.

### Sufficiency of the Pleadings

The defendant challenges the sufficiency of the pleadings. That challenge fails for three reasons. First, the defendant has not filed a demurrer. Demurrers must be filed in writing. Code of Virginia, § 8.01-273.

Second, had a demurrer been filed at the trial stage, it would have been denied. The cases LCH cites in support of its assertion of the insufficiency of the pleadings are all from cases that had not reached the trial stage. When exceptional circumstances surround a case, a demurrer may be accepted at a later stage at the judge's discretion. *O'Neill v. Cole*, 194 Va. 50, 72 S.E.2d 382 (1952). In *O'Neill v. Cole*, the judge allowed the withdrawal of the defendant's answer and accepted a demurrer because no evidence had been taken at trial, the circumstances were unusual, the demurrer was not a delay tactic, and the demurrer went to the substance of the case. 194 Va. at 55. None of those factors is present here.

Third, the pleadings are sufficient to withstand a demurrer. A demurrer shall be granted if the plaintiff's pleadings do not state a cause of action or fails to state facts upon which relief can be granted. Va. Code § 8.01-273. The pleadings state facts upon which relief may be granted.

The defendant cites *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989), in which the Virginia Supreme Court affirmed a trial court's grant of a demurrer in a third party beneficiary action. In a motion for judgment, the plaintiffs in that case alleged that they were "third party beneficiaries of the estate." *Id.* at 368. The court affirmed the trial court's ruling on the ground that "there is no allegation that the Hulls entered into a contract with Rogers with the intent of conferring a direct benefit upon the Copenhavers. Nor are there any allegations from which such an inference can be drawn." *Id.* at 367. The court was not holding that the language "third party beneficiary" must be used. The court held that the plaintiffs had to allege that they were beneficiaries of a contract, not of an estate, in order to state a third party beneficiary claim.

The question is, following the court's holding in *Copenhaver* stated above, does the motion for judgment contain allegations that LCH and the Schnepps entered into a contract with the intent of conferring a direct benefit upon Governor's Land, or does it contain allegations from which such an inference can be drawn?

In its pleading, Governor's Land alleges that the Schnepps and LCH entered an agreement to build a residence in Governor's Land and that "Leland agreed to pay a 5% marketing fee to Governor's Land Associates upon completion of the residence." The allegations are sufficient to withstand a demurrer. At the very least, it can be inferred that, if Leland and Schnepp agreed in that contract to pay a fee to Governor's Land, that in fact Leland and Schnepp did intend to confer that direct benefit on Governor's Land.

## The Obligation Assumed

The defendant argues that in order for it to have assumed an obligation to Governor's Land in the LCH/Schnepp contract, the Schnepps themselves must already have owed that obligation to Governor's Land. Nothing in the language of § 55-22 of the Virginia Code suggests that the obligation assumed by one party to a contract must have been a pre-existing obligation owed by the other party to the third party beneficiary.

Again the defendant cites *Copenhaver v. Rogers* in support of its argument. There, the court explained that:

> Code § 55-22 has no application unless the party against whom liability is asserted has assumed an obligation for the benefit of a third party. *Valley Company v. Rolland*, 218 Va. 257, 259-260, 237 S.E.2d at 122 . . . . Put another way, a person who benefits only incidentally from a contract between others cannot sue thereon. *Valley Company*, 218 Va. at 260, 237 S.E.2d at 122.

Nothing in those statements suggests that the obligation assumed must be pre-existing. In fact, if the second sentence is in essence the first sentence "put another way," as the court says, then "assumed" in the first sentence means that the party has intentionally undertaken an obligation, not that a pre-existing obligation has been delegated to the party.

Circumstances discussed in *Copenhaver*, the defendant's main supporting case, undermine the defendant's argument. There was no pre-existing obligation in *Copenhaver*. The grandparent did not have a pre-existing obligation to give a benefit to the grandchild, but chose to do so, and made a contract with a lawyer whereby the lawyer assumed an obligation to make certain the grandchild got the benefit. The court said that the grandchild in that example could fairly be called a third party beneficiary to the contract between the lawyer and grandparent. *Id.* at 369.

*Copenhaver* does not stand for the defendant's proposition that the obligation assumed must have been a pre-existing obligation of Schnepp to Governor's Land. No other support is given for that proposition; therefore, the obligation need not have been a pre-existing one.

## Evidence Outside the Contract

This case is based on two contracts: the Schnepp/LCH construction contract and the Schnepp/Governor's Land contract to which the construction contract refers. It is clear and unambiguous on the face of the contracts that LCH agreed to pay Governor's Land. The Schnepp/LCH

contract states that LCH would pay the fee to Governor's Land: "Paragraph 16 of Gov. Land contract (5%) . . . BY BUILDER." Paragraph 16 of the Schnepp/Governor's Land contract states:

> [N]o residence . . . shall be constructed on the Lot except by one of the builders which Seller, in Seller's sole and absolute discretion, shall from time to time approve and designate as approved to construct residences and improvements in the Community ("Approved Builder"). Purchaser is advised that all Approved Builders shall pay to seller a marketing fee of five percent (5%) of the selling price of each residence . . . built by such Approved Builder in the Community, as the Approved Builder's contribution to the advertising and promotional expenses incurred by Seller in the promotional expenses incurred by Seller in the promotion of the Community and benefiting the Approved Builder.

The parties dispute whether evidence outside those two contracts should be admitted. Specifically, they dispute the application of the four corners rule to third party beneficiary claims. The rule is a general rule in contract law stating that evidence outside the four corners of the contract should be considered only if the contract is ambiguous. Following the four corners rule, no outside evidence should be admitted because the contract is quite clear as shown above. The plaintiff argues that the rule applies and that no outside evidence should be admitted.

The defendant argues that because the third party beneficiary cause of action is a statutory allowance giving a party not in privity to the contract standing to sue on the contract, and because it is not a creation of common law, it is excepted from the four corners rule. Nothing in the third party beneficiary statute or in the case law supports the defendant's argument.

In *Montague Mfg. Co. v. Homes Corp.*, 142 Va. 301, 312, 128 S.E.2d 447 (1925), the court held that § 55-22 (at that time § 5143) was "highly remedial and should be liberally construed in order to accomplish the ends manifestly intended." The defendant proposes that the statute should be treated for evidentiary purposes as a narrow exception to the general four corners rule of contracts. That proposal is contrary to the holding in *Montague*, especially if that exception frustrates the position of the third party, whom the statute was designed to aid.

The defendant cites *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993), where evidence outside the four corners of the contract was allowed. The admitted evidence, however, was allowed because the court

found an ambiguity in the contract. It should be noted that the evidence aided the plaintiff in the third party beneficiary claim. That admission of evidence is properly construed as an example of liberal construction to further the remedial purpose of the statute and not as evidence that the third party beneficiary claim is excepted from the four corners rule.

In *Richmond Center v. Jackson Co.*, 220 Va. 135, 255 S.E.2d 518 (1979), the court decided that the contract at issue in the third party beneficiary claim was clear and that evidence outside the four corners of the contract would not be considered. In neither *Richmond Center* nor *Ward v. Ernst & Young* did the court state that it was using any rule other than the four corners rule. These cases do not support the defendant's argument that the third party beneficiary rule is an exception to the four corners rule of evidence for contracts. There are no ambiguities that merit admitting evidence outside of the four corners of the contract, with one exception: the parties agreed to evidence on the Approved Builder program. The evidence showed that LCH was approved to build the Schnepp's house but was not admitted to the program.

In the present case, the intention of LCH and Schnepp to benefit Governor's Land is clear on the face of their contract. Governor's Land and the fee are specifically named in the contract, LCH agreed in the contract to pay the fee. LCH, itself, typed the agreement onto the contract. No evidence outside the four corners of the contract will be admitted in the present case; the plaintiff's objection to outside evidence is sustained.

Incidentally, if the Court overrules the objection and the outside evidence is admitted, the evidence clearly supports Governor's Land's claim. First, when LCH president, Leland L. Blanding, IV, wrote a letter to Governor's Land explaining why it had not paid the fee, he stated that he had unresolved issues with Schnepp. There was no mention of dissatisfaction with the marketing benefits LCH received, its status relative to the Approved Builder program, or any argument made by defendant in this case. Second, the evidence shows that LCH agreed to pay the fee before its Approved Builder program application was even considered. Third, LCH, in its Admission (plaintiff's Exhibit 4), admitted recognition that approved builders paid a marketing fee: "They told me there was a five percent building fee . . . . They described it to me as a marketing fee. All approved builders would have to pay a five percent marketing fee." LCH offered no evidence to show that Governor's Land had agreed to admit LCH into the program or to give it any benefits. Governor's Land simply told LCH that its approved builders pay a 5% fee, and then LCH, in its contract with

Schnepp, agreed to pay a 5% fee. No evidence shows that LCH's agreement with Schnepp that it would pay the fee was conditioned on anything. Fourth, no evidence outside the contract contradicts the plaintiff's case.

### Conclusion

The pleadings are sufficient and are not demurrable. The obligation of LCH to Governor's Land to pay the fee need not have been a pre-existing obligation of the Schnepps to Governor's Land in the contract they had. No third party beneficiary exception to the four corners rule has been shown, and no ambiguity exists in the contract; therefore, no evidence outside the four corners of the contract will be admitted. Finally, there is no evidence to support the defendant's contention that its agreement to pay the Governor's Land fee was conditioned on its receiving marketing benefits. Based on the evidence at trial, Governor's Land is a third party beneficiary, and the Court finds in favor of the plaintiff, Governor's Land, in the sum of $10,874.76.