GUARDIAN DEPOSITORS CORP. v. BROWN.

1. CONSTITUTIONAL LAW—SUPREME COURT—STATUTES.

The Supreme Court does not pass upon the constitutionality of a statute which is inapplicable to the facts presented.

2. CONTRACTS—THIRD PARTY BENEFICIARY STATUTE.

Under the third party beneficiary act the legislature has prescribed an objective standard for determination of when a promisor has undertaken to give or to perform or refrain from performing a given act directly to or for a third person, a determination to be made from the form and meaning of the contract itself (Act No. 296, Pub. Acts 1937).

3. SAME—MORTGAGE ASSUMPTION CLAUSE IN WARRANTY DEED—THIRD PARTY BENEFICIARY ACT.

Under the mortgage assumption clause contained in a warranty deed, the grantee is held, to have promised to pay off the mortgage to the party holding the mortgage and entitled to payment, a class sufficiently described or designated for purposes of providing enforcement by a member thereof as promisee under the third party beneficiary act (Act No. 296, Pub. Acts 1937).

4. SAME—THIRD PARTY BENEFICIARIES—INTENT.

As long as between the promisee and promisor it was intended the latter should assume a direct obligation to a third party, it is immaterial to the enforcement by such third person of the obligation so incurred by promisor that the actual intent of the promisee was to protect himself from paying the debt to the third party.

5. SAME—THIRD PARTY BENEFICIARY ACT LIBERALLY CONSTRUED AS REMEDIAL.

Statute broadly empowering third party beneficiaries to sue at law as promisees must be regarded as highly remedial and subject to a liberal construction to effect the corrective purposes of the legislature in passing it in view of incursions in common-law rule previously existing barring actions at law by third persons against promisors (Act No. 296, Pub. Acts 1937).

6. CONSTITUTIONAL LAW—RETROACTIVE STATUTES—IMPAIRMENT OF CONTRACT OBLIGATION.

A statute cannot be retroactive so as to change the substance of a previously executed contract.

7. SAME—MODIFICATION OF REMEDY—CONTRACTS.

The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right.

8. MORTGAGES—FORECLOSURE—DEFICIENCY—LIABILITY OF GRANTEE OF MORTGAGOR UNDER ASSUMPTION CLAUSE.

A grantee under a warranty deed who assumed payment of mortgage subject to which deed was given would be liable at law to his grantor for breach of contract of assumption as well as directly to the holder of the mortgagee's interest in a suit in equity for foreclosure and deficiency prior to passage of act permitting third person for whose benefit a promise was made to sue at law as a promisee (3 Comp. Laws 1929, §§ 14366, 14368; Act No. 296, Pub. Acts 1937).

9. SAME — DEFICIENCY — THIRD PARTY BENEFICIARY ACT — UNCONDITIONAL RIGHT AT LAW.

Relief by way of deficiency decree in a foreclosure in equity is not a matter of discretion where a proper showing is made, hence enactment of statute permitting third person for whose benefit a promise is made to sue thereon would not substitute, for right

of mortgagor's grantee who had assumed payment of the mortgage, an unconditional right for a contingent one (3 Comp. Laws 1929, §§ 14366, 14368; Act No. 296, Pub. Acts 1937).

10. Constitutional Law—Third Party Beneficiary Contract Act—Defenses to Action at Law for Deficiency—Equity—Impairment of Obligation of Contract.

In view of previously existing equitable remedy of the holder of the mortgagee's interest against mortgagor's grantee who assumes payment of the mortgage and statute providing that party sued at law for deficiency after foreclosure by advertisement might interpose defense that property sold was equivalent in whole or in part to the amount of his debt, the contemporaneously enacted statute enabling a third party beneficiary to sue at law as a promisee, as applied to action by holder of mortgagee's interest against mortgagor's grantee who had assumed payment of mortgage, constitutes a change of remedy and not an unconstitutional impairment of contract, even though applied retroactively, since the protection afforded at law against too large a claim for deficiency is at least as well maintained in law as in equity, circuity of action is avoided and new remedy is consistent with enforcement of obligation previously incurred (Acts Nos. 143, 296, Pub. Acts 1937).

11. Same—Rights of Debtors.

A debtor acquires no protectible interest in forcing circuitous litigation before he is compelled to answer for his debt because of a former rule which has now been superseded by statute.

12. Same—Retroactively Created Legal Duty—Contract Obligations.

There may be an additional legal duty retroactively created by statute where one already existed so long as that duty is consistent with the undertaking voluntarily assumed by the promisor.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 19, 1939. (Docket No. 76, Calendar No. 40,475.) Decided July 6, 1939.

Assumpsit by Guardian Depositors Corporation, a Michigan corporation, against Simeon G. Trevethan and wife and Roy E. Brown and wife for sums

due on a promissory note. From order dismissing cause as to defendants Brown, plaintiff appeals. Reversed and remanded.

*Bodman, Longley, Bogle, Middleton & Farley* (*Carlton F. McIntyre,* of counsel), for plaintiff.

*Clyde L. Fulton,* for defendants.

BUTZEL, C. J. In 1929, Simeon G. Trevethan and wife executed a first mortgage of which plaintiff subsequently became the owner by a series of mesne assignments. In the same year (1931) the mortgagors conveyed the mortgaged property to defendants Roy E. Brown and Lillian K. Brown. The warranty deed provided that it was "subject to a mortgage in the sum of $2,640 being principal and interest due to date on said mortgage, which second parties (defendants) assume and agree to pay." Pursuant to this contract of assumption, defendants made some payments on the property to the mortgagee. However, it appears from the meager record before us that the mortgage was foreclosed by advertisement in 1934 and a sum insufficient to pay the amount of the debt was realized.

In 1938, plaintiff brought suit at law to collect the deficiency from defendants, relying on the express assumption of the mortgage as a contract for plaintiff's benefit within the operation of Act No. 296, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 14063–1 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 26.1231 *et seq.*). The first section of this act, which had an effective date of October 29, 1937, is as follows:

"Any person for whose benefit a promise is made by way of contract, as hereinafter defined, shall have the same right to enforce said promise that he would

have had if the said promise had been made directly to him as the promisee.''

Defendants moved to dismiss on the ground that the declaration stated no cause of action since no privity existed between the parties; and that the statute was constitutionally inapplicable to agreements made prior to its passage because it created a right where none had before existed and thus impaired the obligations of contract. The trial court granted the motion and plaintiff has appealed.

Although appellee seemingly did not argue it below, the applicability of the statute to a contract where the beneficiary is not specifically named was questioned by the trial court and is also raised in appellee's brief. Since this problem may arise if further proceedings are had, and since we do not pass on the constitutionality of a statute which is inapplicable to the facts presented, we call attention to the unambiguous provisions of Act No. 296, § 2:

''A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or to refrain from doing something directly to or for said person.''

The standard which the legislature has prescribed for determining when a ''promisor * * * has undertaken'' to perform or refrain from performing a given act, we think, is an objective one, determined from the form and meaning of the contract itself. The language of the assumption clause above quoted leaves no doubt that the defendants' promise to pay off the mortgage must be taken to mean that they will pay the party holding the mortgage and entitled to payment.

''The name of the person to be benefited by the contract need not be given if he is otherwise sufficiently

described or designated. Indeed, he may be one of a class of persons, if the class is sufficiently described or designated." *Burton* v. *Larkin,* 36 Kan. 246 (13 Pac. 398, 59 Am. Rep. 541).

Even in jurisdictions holding to the so-called "intention rule," which was favored by the trial court, it is immaterial that the actual intent of the promisee was to protect himself from paying the debt to the third person if the parties did in fact contemplate that the promisor should assume a direct obligation to the beneficiary. Cf. *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256 (146 Atl. 293); *Carson Pirie Scott & Co.* v. *Parrett,* 346 Ill. 252 (178 N. E. 498, 81 A. L. R. 1262), and collected authorities in 81 A. L. R. 1285. We think there is no doubt that plaintiff was a third party beneficiary within the meaning of Act No. 296, Pub. Acts 1937. See the helpful discussion in Grismore, "Beneficiary Contracts in Michigan," 8 Detroit Law Review, pp. 1, 4 *et seq.;* Restatement of the Law of Contracts, § 133.

At the threshold of a discussion of the rights of third party beneficiaries, we are confronted with such a mass of law that we can make no attempt to survey it within the confines of a single opinion. The English rule prohibiting beneficiaries from suing on a contract has, to greater or lesser degree, been abandoned or radically modified by exceptions and qualifications in almost every State of the Union. See 2 Williston on Contracts (Rev. Ed.), chap. 14, p. 1029 *et seq.;* annotation in 81 A. L. R. 1271. Today in most States both a donee and a creditor beneficiary can sue at law and in equity to enforce rights under the contract. See Restatement of the Law of Contracts, chap. 6, p. 151 *et seq.* Michigan, however, has been one of the few remaining jurisdictions which have adhered to the old rule. Many of our statements to the effect that a third party cannot sue

even though the contract was made for his benefit are collected in the concurring opinion of Mr. Justice POTTER in *Peoples Savings Bank* v. *Geistert,* 253 Mich. 694. But there have been incursions into this rule as demonstrated by the cases cited in *Smith* v. *Thompson,* 250 Mich. 302 (73 A. L. R. 1389). This latter decision, our last definitive utterance on the question, went far toward bringing our law in accord with the almost unanimous view elsewhere. See 29 Michigan Law Review pp. 365, 366; 73 A. L. R. 1395. All question has been removed by Act No. 296, Pub. Acts 1937, which broadly empowers third party beneficiaries to sue as promisees. This statute must be regarded as highly remedial and subject to a liberal construction to effect the corrective purposes of the legislature in passing it. See *Montague Manfg. Co.* v. *Homes Corp.,* 142 Va. 301 (128 S. E. 447).

We are here faced squarely with the question of whether the act may be applied to contracts created before it went into effect, as provided in section 5 (Stat. Ann. 1939 Cum. Supp. § 26.1235). The trial court found that a new and substantial right was created by the statute, rather than a mere additional remedy, and for this reason held that to apply it to the assumption agreement made between defendants and the Trevethans would impair the obligations of the contract and violate due process in contravention of both State and Federal Constitutions.

Admittedly, a statute cannot be retroactive so as to change the substance of a contract previously entered into. The rule as to remedy has but recently been reiterated as follows:

"The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously

to impair the value of the right." *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.,* 300 U. S. 124, 128 (57 Sup. Ct. 338, 108 A. L. R. 886).

To like effect see, *City of Pontiac* v. *Simonton,* 271 Mich. 647.

What, then, was the substantial right secured to defendants by their contract which has been restricted or impaired by the statute permitting plaintiff to sue them directly at law where previously he could not? Before the statute defendants were of course liable to the Trevethans, their assignors, with whom they had agreed to pay off the mortgage. See *Crawford* v. *Edwards,* 33 Mich. 354. Not only could plaintiff foreclose against the land upon default in the mortgage, but he was also permitted in equity to proceed directly against defendants for any deficiency remaining after the sale of the premises. *Anderson* v. *Thompson,* 225 Mich. 155; *Corning* v. *Burton,* 102 Mich. 86. Although we have often said that deficiency decrees are really substitutes for actions at law and are "governed by the rules which' would apply at law," *Lutz* v. *Dutmer,* 286 Mich. 467, 481, and cases there cited, direct equitable action by the beneficiary was justified in the case of mortgage foreclosures by statutory authority. 3 Comp. Laws 1929, § 14368 (Stat. Ann. § 27.1136). However, the rule was extended to land contract cases because of equitable principles of subrogation and avoidance of multiplicity of suits. *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259).

Appellees argue, however, that the claim plaintiff might have asserted against them for a deficiency decree was contingent and permissive, so that giving plaintiff an unconditional right to sue them at law did substantially affect the obligations they undertook. The statute controlling deficiency decrees (3 Comp. Laws 1929, § 14366, as amended by Act No.

229, Pub. Acts 1933 [Stat. Ann. § 27.1134]), however, does not make relief a matter of discretion where a proper showing has been made. *Webber* v. *Lawrence,* 118 Mich. 630, appealed to by defendants in this connection, establishes not that such a decree is permissive, but that the right to a decree against an assignee is subject to the infirmities of the agreement between assignee and assignor. Here, of course, no such defense is raised. Appellees also contend that this equitable right of plaintiff was subject to equitable limitations, and that they were protected from unconscionable action by the mortgagee through the supervisory powers of the chancellor. In equity, they urge, a sale for an inadequate price would be set aside and the amount of the deficiency consequently kept within fair and proper limits by the court. While this manifestly seems a matter of procedure rather than substance, it should be pointed out that the 1937 legislature, which passed Act No. 296, also enacted Act No. 143 (Comp. Laws Supp. 1937, § 14444–21 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 27.1335 *et seq.*). This latter statute enables a defendant who is sued for a deficiency after foreclosure by advertisement to show by way of defense that the property sold was equivalent in whole or in part to the amount of his debt. We know of no reason why defendants may not avail themselves of the protection of this statute should the facts warrant. The retrospective operation of almost identical legislation has only recently been sustained. *Honeyman* v. *Clark,* 278 N. Y. 467 (17 N. E. [2d] 131); affirmed in *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702). The protection of defendants against too large a claim for deficiency is at least as well maintained in law as it is in equity.

For these reasons it would seem that before the beneficiary statute plaintiff had a clear and direct

right in equity to enforce a duty owed by defendants and created by their assumption agreement. In that event, Act No. 296, which simply permits plaintiff's enforcement of that duty at law, must be held to have changed remedial features and not to have impaired the obligation of the contract. *Heineman* v. *Schloss,* 83 Mich. 153.

Even if the right in equity is deemed to be different in kind from that presently enforceable at law, as the trial court indicated in its opinion, we still cannot say that there has been any impairment of defendants' agreement in a constitutional sense. Defendants had agreed with the Trevethans to pay off plaintiff's mortgage. Plaintiff could, of course, have sued the Trevethans on the mortgage debt. Had the Trevethans been required to pay it themselves, they would certainly have demanded reimbursement from defendants. Act No. 296 has simply avoided this multiplicity of suits at law as well as in equity. Defendants point out that if the statute is retroactive, it would be possible for the mortgagee to sue the assuming grantees directly at law without a prior foreclosure, and from this they suggest that the obligations of the contract have been enlarged. While it might be well argued that the grantees could acquire no constitutional rights founded on the mere election of remedies by the mortgagee of one remedy rather than another; that the grantees were vulnerable before the act to exactly this sort of suit at the hands of their grantors; and also that the grantees, had they paid the mortgage, would have released their property from the lien or, if the property had been deeded to another, been subrogated to the rights of the mortgagee—we need not pass on this question since it is not before us. The statute, as here applied, has not enlarged the duties of these defendants; it compels them to do no more than they

promised to do.  The change that it has wrought is to allow the party chiefly interested in the performance of an obligation to see that a promise is kept.  We should be slow to find that a debtor has acquired a protectible interest in forcing circuitous litigation before he is compelled to answer for his debt because of a former rule which has now been superseded by statute.  As was said in *Ewell* v. *Daggs,* 108 U. S. 143, 151 (2 Sup. Ct. 408), where a contract, void under a usury statute when made, was subsequently validated by repeal of the statute:

"The right which the curative or repealing act takes away in such a case is the right in the party to avoid his contract, a naked legal right which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect."

The language of the Supreme Court in *Gross* v. *United States Mortgage Co.,* 108 U. S. 477, 488, 489 (2 Sup. Ct. 940), where a subsequent statute removed a prohibition against taking mortgages by foreign corporations, is equally pertinent:

"When the legislative department removed the inhibition imposed, as well by statute as by the public policy of the State, upon the execution of a contract like this, it cannot be said that such legislation, although retrospective in its operation, impaired the obligation of the contract.  It rather enables the parties to enforce the contract which they intended to make.  It is, in effect, a legislative declaration that the mortgagor shall not, in a suit to enforce the lien given by the mortgage, shield himself behind any statutory prohibition or public policy which prevented the mortgagee, at the date of the mortgage, from taking the title which was intended to be passed as security for the mortgage debt.  We repeat here what was said in *Satterlee* v. *Matthewson,* 2 Pet. (27 U. S.) 380, and in substance, in *Watson* v. *Mercer,*

8 Pet. (33 U. S.) 88, that 'it is not easy to perceive how a law, which gives validity to a void contract, can be said to impair the obligation of that contract.' "

See, also, the cases collected in 18 Michigan State Bar Journal, pp. 27, 31–35. Without laboring suggested analogies to the operation of retrospective legislation which has constitutionally extended the statutory period of limitation on actions, or removed a prior incapacity of a contracting party, or allowed suits to be brought by a different party plaintiff, we think that Professor Grismore has correctly argued:

"If a statute may constitutionally create a legal duty on the basis of a voluntary undertaking where none whatever existed before the statute was enacted, it would seem to follow, a fortiori, that an additional legal duty, where one already existed, can be retroactively created so long as that duty is consistent with the undertaking voluntarily assumed by the promisor." Grismore, "Beneficiary Contracts in Michigan," 8 Detroit Law Review, pps. 1, 22.

We have, in fact, already sustained the retrospective features of Act No. 296 in *Lutz* v. *Dutmer*, 286 Mich. 467, but since the situation there involved was somewhat different from the present, we have considered an amplification of our views desirable. Accordingly, we hold that plaintiff may properly avail itself of the provisions of Act No. 296, and that the same, when applied to defendants' agreement to assume payment of the mortgage, is not unconstitutional. The order dismissing the suit is hereby set aside, with costs to plaintiffs, and the case is remanded for further action.

Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.