HANSEN-SNYDER COMPANY *v.* GENERAL
MOTORS CORPORATION.

HUGH LAUNDRA ELECTRIC, INC., *v.* SAME.

1. STATUTES—REMEDIES—RETROSPECTIVE OPERATION—AMENDMENT.
   Statutes related to remedies or modes of procedure which do not,
   create new or take away vested rights, but only operate in fur-
   therance of a remedy or confirmation of rights already existing·
   will, in the absence of language clearly showing a contrary in-
   tention, be held to operate retrospectively and apply to all
   actions accrued, pending or future, there being no vested right
   to keep a statutory procedural law unchanged and free from
   amendment.

2. MECHANICS' LIENS—NOTICE OF INTENT—FILING—AMENDMENT EX-
   TENDING TIME.
   No one has a vested right to have the time for serving notice·
   of intent or the filing of a mechanic's lien limited to 60 rather·
   than 90 days, hence, an amendment of the mechanics' lien act
   so extending such periods of time did not affect vested or·
   substantive rights but pertained solely to procedure for effectu--
   ating a statutory right already existing (CL 1948, § 570.1, as,
   amended by PA 1958, No 213, and by PA 1960, No 75).

3. STATUTES—NEW REMEDY.
   A statute which furnishes a new remedy, but does not impair or·
   affect any contractual obligations, nor disturb any vested
   rights, is naturally applicable to proceedings begun after its
   passage, though relating to acts done previously thereto.

REFERENCES FOR POINTS IN HEADNOTES
[1]  50 Am Jur, Statutes §§ 475–483.
[2]  36 Am Jur, Mechanics' Liens §§ 10, 14, 244.
    50 Am Jur, Statutes §§ 468, 483.
[3]  50 Am Jur, Statutes § 482.
[4]  36 Am Jur, Mechanics' Liens §§ 6–14.
[5]  36 Am Jur, Mechanics' Liens § 14.
[6]  50 Am Jur, Statutes § 468.
[7]  36 Am Jur, Mechanics' Liens §§ 11, 12, 14, 40, 125, 136..

4. MECHANICS' LIENS—AMENDMENT OF STATUTES—CONSTRUCTION.

The fact that the mechanics' lien act is in derogation of the common law and is to be strictly construed up to the point where the lien attaches, does not require construction that any amendment thereof, affecting procedure only, be construed to be prospective only in the absence of an expresesd intent to the contrary in the amendment (CL 1948, § 570.1, as amended by PA 1958, No 213, and by PA 1960, No 75).

5. SAME—CONSTRUCTION OF STATUTES—AMENDMENT OF PROCEDURAL PROVISION.

Provision of mechanics' lien act as originally enacted that "this act shall not be construed to apply to any contract made or entered into at any time before this act shall take effect" referred only to the newly created right to a lien at all, not to the procedure for causing it to attach, hence, amendment increasing the time from 60 to 90 days within which notice of intent to claim a lien must be given and the period within which filing of claim must be made following last performance of labor or furnishing of materials was not contrary to the original statute, since it related to a procedural matter only (CL 1948, § 570.1, as amended by PA 1958, No 213, and by PA 1960, No 75).

6. STATUTES—CONSTRUCTION—AMENDMENT.

It is only the new part of an act that is considered as having been enacted as of the time of an amendment when construing an amended statute.

7. MECHANICS' LIENS—CONSTRUCTION OF STATUTES—LABOR.

Provision of mechanics' lien act that "solely as to labor" notice of intent to claim a lien "shall be sufficient if served at any time subsequent" to 90 days, "but before the original contractor shall make out and give to the owner * * * a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person, firm or corporation furnishing materials, giving the amount * * * due or to become due on them * * * for work done or materials furnished" is construed as extending the right only and solely to that portion of the subcontractor's claim, set forth in his notice, which relates to or arises out of his furnishing of labor (CL 1948, § 570.1, as amended by PA 1958, No 213, and by PA 1960, No 75).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted October 11, 1963. (Calendar Nos. 36, 37,

Docket Nos. 49,810, 49,811.)   Decided November 4, 1963.

Bill by Hansen-Snyder Company, a copartnership, against General Motors Corporation, a foreign corporation, and Mechanical Equipment & Service Corporation, for foreclosure of mechanics' lien.   Similar action by Hugh Laundra Electric, Inc., a Michigan corporation.   Joseph I. Laro and Genesee-Merchants Bank & Trust Company, a Michigan banking corporation, intervened as parties defendant.   Cases consolidated for trial and on appeal.   Decrees of foreclosure entered.   Intervening defendants appeal. Affirmed.

*Albert C. Reinert,* for plaintiffs.

*White, Newblatt, Nelson, Hart & Crawford* (*Robert J. White,* of counsel), for intervening defendants.

Dethmers, J.   These cases, consolidated for trial and this appeal, involve foreclosures of mechanics' liens arising out of the same construction work.

Defendant General Motors Corporation entered into a contract for construction on its land of hardening furnaces with defendant Mechanical Equipment & Service Corporation as general contractor. The latter corporation engaged Hugh Laundra Electric, Inc., plaintiff in 1 case, as subcontractor to do the electrical work on the job.   It hired Hansen-Snyder Company, plaintiff in the other case, as subcontractor to do the piping work.

Neither subcontractor was paid in full.   Both filed bills for foreclosure of mechanics' liens.   General Motors still has on hand a sizeable balance due the general contractor.   That balance intervening defendants and appellants insist should be paid

to them and not to plaintiffs. The intervening defendants are a bank which loaned money to the general contractor and took as security an assignment of claims due the latter from General Motors on the contract and an individual who indorsed, as surety, the note given by the general contractor to the bank as evidence of the indebtedness. They deny that plaintiffs acquired valid liens. They appeal from decrees of foreclosure of the same, and ask that the decrees be set aside and that the mentioned balance in the hands of General Motors be awarded to them under the assignment.

Stipulated pertinent facts are: That plaintiff Laundra Electric served its notice of intention to claim a lien more than 60, but less than 90 days after its first furnishing of labor and materials and recorded its statement and account of lien and served copy thereof on General Motors more than 60 but less than 90 days from its last furnishing of labor or materials; that plaintiff Hansen-Snyder served its notice of intention to claim a lien more than 60 and also more than 90 days after its first furnishing of labor and materials, but before the general contractor furnished its contractor's statement to the property owner, and recorded its lien and served copy thereof on General Motors more than 60 but less than 90 days after its last furnishing of labor and materials.

Both plaintiffs contracted for and began their work while the statute (CL 1948, § 570.1, as amended by PA 1958, No 213 [Stat Ann 1959 Cum Supp § 26.281]), still required that subcontractors serve notice of intent to claim lien on property owners within 60 days of the date of first furnishing labor and material. While plaintiffs were still in process of furnishing labor and materials and within 60 days after first furnishing them PA 1960, No 75, became effective, amending the statute to extend from 60

days to 90 days the period for serving notice of intent to claim lien and for filing or recording the lien.

Questions relating to validity of plaintiffs' liens and foreclosure thereof are, (1) as to both plaintiffs, whether the mentioned amendment of the mechanics' lien act extending time for serving and filing from 60 to 90 days has retrospective effect, and (2) as to plaintiff Hansen-Snyder only, whether the term "solely as to labor" in CL 1948, § 570.1, as amended by PA 1958, No 213 (Stat Ann 1959 Cum Supp § 26.281), should be interpreted to mean that a subcontractor, who has contracted to supply labor and materials and who has served 1 notice of intent to claim a lien, covering both labor and materials, but who served the same after the prescribed period of time but before the general contractor gave its contractor's statement, has a valid lien for the amount of his contract which covers labor?

Intervenors quote from 50 Am Jur, Statutes, § 478, and 50 Am Jur, Statutes, § 482, for the general proposition that absent a clearly expressed legislative intent to the contrary it is to be presumed that the legislature intended an enactment to have prospective effect only. It is to be observed, however, that this is stated therein to be especially true when giving a statute retroactive operation will interfere with an existing contract, destroy a vested right, create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed. A retrospective law is therein defined as one which takes away or impairs vested rights, creates a new liability, imposes a new duty or attaches a new disability in respect to transactions or considerations already past. Such is not the situation at bar. Applicable rather, is the language from the latter American Jurisprudence citation that "remedial statutes, or

statutes related to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing, do not come within the legal conception of retrospective law, or the general rule against retrospective operation of statutes. To the contrary, the statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. * * * Sometimes the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actions —those which have accrued or are pending and future actions." Here plaintiffs already had the statutory right to acquire a lien. No right vested in intervenors or anyone else to have the time for serving notice of intent or filing the lien limited to 60 rather than 90 days. The amendment in that regard did not affect vested or substantive rights but pertained solely to procedure for effectuating the statutory right already existing. No vested right can exist to keep statutory procedural law unchanged and free from amendment.

In *Nash* v. *Robinson,* 226 Mich 146, this Court, in giving a statutory amendment retroactive effect, quoted (p 150) with approval from 25 RCL, Statutes, § 38, p 792, as follows:

"A statute which furnishes a new remedy, but does not impair or affect any contractual obligations, nor disturb any vested rights, is naturally applicable to proceedings begun after its passage, though relating to acts done previously thereto."

Cited are *Burman* v. *Ewald,* 192 Mich 293, and *McClear* v. *McCain,* 227 Mich 622, as holding that the mechanics' lien act, being in derogation of the common law, is to be strictly construed up to the point where the lien attaches. From this it does not follow, as intervenors suggest, that any amendment thereof, affecting procedure only, must be construed, in the absence of an expressed intent to the contrary in the amendment, to be prospective only. The right to have it attach was created by statute, without common-law basis; the procedure for having it attach, however, is mechanical and cannot be said to be in derogation of anything in the common law in which there was no comparable provision for either a 60- or 90-day period. The doctrine of strict construction is of no aid in determining whether the amendment applies to contracts already in be- ing.

Attention is directed to section 30 of the act (CL 1948, § 570.30 [Stat Ann 1953 Rev § 26.310]), which provides:

"This act shall not be construed to apply to any contract made or entered into at any time before this act shall take effect."

This section and provision was in the original act, PA 1891, No 179, and in effect in 1915 when this Court, in *C. H. Little Co.* v. *L. P. Hazen Co.,* 185 Mich 316, held applicable to a mechanics' lien foreclosure case brought under this statute, an amendment thereof (PA 1913, No 394*), which became effective after the case had been considered in part on demurrer below, permitting the surety on the contractor's bond to be made a party to the foreclosure, as had not theretofore been permitted under the statute as it existed before the amendment. This Court said that the matter of applicability of

* See CL 1948, § 570.10 (Stat Ann 1953 Rev § 26.290).—REPORTER.

the amendment to a case existing prior to effective date of the amendment, presented a question of remedy rather than one of liability and that, accordingly, the amendment should be held applicable. Thus it was given what intervenors here term retrospective effect. Here, too, the question is one of remedy rather than liability and, hence, the procedural amendment here in question, to the same act involved in the *Little Company Case,* should be accorded the same effect. It is clear that the provision of section 30 of the act referred only to the newly created right to a lien at all, not to the procedure for causing it to attach.

Let it be said for intervenors' invoking of the rule of statutory construction that an "amended statute is regarded as if the original statute had been repealed and the whole statute re-enacted with the amendment" (*Wade* v. *Farrell,* 270 Mich 562; *Perry* v. *Hogarth,* 261 Mich 526), that we have taken note of it and of their theory that, accordingly, the old section 30 "prospective only" restriction is to be deemed to have been enacted at the same time as the 1960 amendment extending from 60 to 90 days the time for serving and filing and therefore refers and applies to it. In *Wade* this Court said, however, that it is only the new part of the act that is considered as having been enacted at the time of the amendment.

The second question here presented, having application only to the case of plaintiff Hansen-Snyder, is whether the term "solely as to labor" as used in CL 1948, § 570.1, as amended by PA 1958, No 213, and subsequently as mentioned, during the work in progress, by PA 1960, No 75 (Stat Ann 1961 Cum Supp § 26.281), applies to a subcontractor who has furnished both labor and materials. This has to do with that plaintiff's failure to serve its notice of intent to claim lien not only within 60 days but even

within 90 days after its first furnishing of labor and materials on the contract job, but its service of same before the general contractor gave its contractor's statement. The pertinent part of the said statutory section, after providing for service on the property owner of the notice of intent to claim lien within 90 days, provides:

. "Such notice, solely as to labor, however, shall be sufficient if served at any time subsequent to said 90 days, but before the original contractor shall make out and give to the owner, part owner or lessee or his agent, a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person, firm or corporation furnishing materials, giving the amount, if anything, which is due or to become due on them, or any of them, for work done or materials furnished as required by section 4 of this act."

Intervenors say that because Hansen-Snyder furnished materials as well as labor and its notice of intent to claim lien pertained to its claim for materials as well as its claim for labor, the words "solely as to labor" exclude Hansen-Snyder from the right to serve any time after the 90-day period if done before the original contractor gives its mentioned statement to the property owner. We do not read the words "solely as to labor" as limiting the right to a subcontractor who furnished labor only and served a notice covering a claim for labor only. Rather, we take the meaning to be that the right is extended only and solely to that portion of the subcontractor's claim, set forth in his notice, which relates to or arises out of furnishing of labor.

Decrees affirmed. Costs to plaintiffs.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.