FLYNN v FLINT COATINGS, INC

Docket No. 200742. Submitted April 14, 1998, at Detroit. Decided July 10, 1998, at 9:20 A.M. Leave to appeal sought.

James Flynn and Flynn & Associates, Inc., brought an action in the Genesee Circuit Court against Flint Coatings, Inc., seeking payment of sales commissions. The plaintiffs thereafter sought the retroactive application of the sales representatives' commissions act (SRCA), MCL 600.2961; MSA 27A.2961, to their claim for sales commissions already owed by the defendant to the plaintiffs when the SRCA took immediate effect upon its passage by the Legislature. The court, Thomas C. Yeotis, J., granted partial summary disposition for the defendant, ruling that the SRCA cannot retroactively apply to the plaintiffs' claim. The plaintiffs appealed by leave granted.

The Court of Appeals *held*:

Statutes related to remedies or modes of procedure that do not create new, or take away vested, rights, but operate only in furtherance of a remedy or confirmation of rights already existing, operate retrospectively and apply to all actions accrued, pending, or future. The SRCA is such a statute because it does not create a new obligation or impose a new duty beyond that which the common law imposes on employers with respect to the payment of sales commissions. The SRCA simply alters the remedy available to plaintiffs who have been denied their justly earned commissions.

Reversed.

BANDSTRA, J., dissenting, stated that retroactive application of the SRCA implicates constitutional concerns of impairment of contract inasmuch as the plaintiffs rely on a contract between them and the defendant in seeking payment, and that immediate effect of the SRCA upon its passage evidenced legislative intent that the SRCA is to have prospective application only. The trial court's order granting partial summary disposition for the defendant should be affirmed.

1. STATUTES — RETROACTIVE APPLICATION.

Four rules guide the determination whether a statute can be applied retroactively: is there specific language in the act that states that it should be given retrospective or prospective application; a statute is not regarded as operating retrospectively solely because it relates to an antecedent event; a retrospective law is one that takes

away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past; a remedial or procedural act that does not destroy a vested right will be given effect where the injury is antecedent to the enactment of the statute.

2. Statutes — Sales Representatives' Commissions Act — Retroactive Application.

The sales representatives' commissions act retroactively applies to claims for sales commissions that were already owed when the act took effect (MCL 600.2961; MSA 27A.2961).

*Cross Wrock, P.C.* (by *John C. Louisell* and *Russ E. Boltz*), for the plaintiffs.

*Loyst Fletcher, Jr.*, for the defendant.

Before: Sawyer, P.J., and Bandstra and J. B. Sullivan*, JJ.

J. B. Sullivan, J. In this interlocutory appeal, plaintiffs appeal by leave granted from an order granting partial summary disposition for defendant. The trial court held that the provisions of the sales representatives' commissions act (SRCA), MCL 600.2961; MSA 27A.2961, were not available to plaintiffs because the act took effect after plaintiffs' cause of action had accrued. We reverse.

The underlying facts are not at issue here and can be briefly summarized as follows. Plaintiff James Flynn is a manufacturer's representative in the automotive industry and the owner of plaintiff Flynn & Associates, Inc., a manufacturers' representative agency. Plaintiffs engage in direct representation of suppliers to the automotive industry. Apparently,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant hired plaintiffs in 1987 and agreed to pay them five percent of all sales they generated. This arrangement continued until August of 1990, when defendant terminated its relationship with plaintiffs. In August of 1991, plaintiffs filed the current suit, alleging that they are owed commissions on sales that took place after their termination.

The only question before us on appeal is whether the SRCA should be applied retroactively. The relevant portions of the act provide:

> (4) All commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination. Commissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due.
>
> (5) A principal who fails to comply with this section is liable to the sales representative for both of the following:
>
> (a) Actual damages caused by the failure to pay the commissions when due.
>
> (b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less.
>
> (6) If a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs. [MCL 600.2961; MSA 27A.2961.]

The SRCA was passed and became immediately effective on June 29, 1992. Thus, at the time the SRCA became effective, plaintiffs' claim had already accrued[1] and this suit had already been filed.

---

[1] It appears that plaintiffs are also claiming entitlement to commissions on sales that were not consummated until after the SRCA became effective. Theoretically, the SRCA might apply to those commissions even if it could

The Michigan Supreme Court has outlined four rules regarding the retroactive application of statutes. The Court summarized the rules as follows:

> First, is there specific language in the new act which states that it should be given retrospective or prospective application. See headnote no. 1, *Hansen-Snyder Co v General Motors Corp*, 371 Mich 480; 124 NW2d 286 (1963). Second, "[a] statute is not regarded as operating retrospectively [solely] because it relates to an antecedent event". *Hughes v Judges' Retirement Board*, 407 Mich 75, 86; 282 NW2d 160 (1979). Third, "[a] retrospective law is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past". *Hughes, supra*, p 85; *Ballog v Knight Newspapers, Inc*, 381 Mich 527, 533-534; 164 NW2d 19 (1969). Fourth, a remedial or procedural act which does not destroy a vested right will be given effect where the injury or claim is antecedent to the enactment of the statute. *Rookledge v Garwood*, 340 Mich 444; 65 NW2d 785 (1954). [*In re Certified Questions (Karl v Bryant Air Conditioning Co)*, 416 Mich 558, 570-571; 331 NW2d 456 (1982).]

Here, there is no specific language in the SRCA regarding whether it should be applied retroactively. In addition, it is clear that the second rule does not apply. See *id.* at 571. Thus, the question in this case is whether the SRCA is a rule three or a rule four case. If it "creates a new obligation and imposes a new duty," it is a rule three case, and it may not be applied retroactively. *Id.* at 572. On the other hand, under rule four, "[s]tatutes related to remedies or modes of procedure which do not create new or take away vested

---

not be applied retroactively. However, because the parties did not raise this issue, we decline to address it.

rights, but only operate in furtherance of a remedy or confirmation of rights already existing will . . . be held to operate retrospectively and apply to all actions accrued, pending or future. . . ." *Id.*, quoting headnote 1 of *Hansen-Snyder, supra.*

We do not believe that the SRCA creates any new duty on the part of employers. Under the SRCA, as under the common law, an employer is obligated to pay sales commissions when they are due. MCL 600.2961(4); MSA 27A.2961(4); *Sorenson v Charlevoix Rock Product Co*, 191 Mich 86; 157 NW 349 (1916). Thus, an employer who was not liable under the common law is not liable under the SRCA. Clearly, then, although the SRCA changes the remedy for failure to pay sales commissions, it does not create a new obligation or impose a new duty. This leads us to the conclusion that this is a rule four case and that the SRCA is properly applied retroactively. See *In re Certified Questions, supra* at 577-578.

Defendant argues for affirmance on the ground that the SRCA creates a new cause of action. Defendant cites two differences between the SRCA and the common law. First, defendant notes that a cause of action under the SRCA does not accrue until forty-five days after termination, or until forty-five days after the commission becomes due, MCL 600.2961(4); MSA 27A.2961(4), while a common-law cause of action accrues immediately after payment is due. However, we conclude that this difference is procedural and does not bar retroactive application of the statute. See *Hansen-Snyder, supra* at 485.

In further support of its argument that the SRCA creates a new cause of action, defendant cites the fact that the SRCA increases an employer's liability for a

prior transaction. Defendant's argument is essentially that parties have vested rights in the particular remedy authorized by law when a cause of action accrues.[2] Thus, defendant argues, the treble damages provision of the SRCA may not be applied retroactively. This argument has been rejected by our Supreme Court. As the Court noted in *In re Certified Questions, supra* at 575-576 (citing *Rookledge, supra*): "[T]he fact that the new statute changes the legal consequences of a prior act does not prevent a retrospective application of that statute, since that statute is remedial in nature."[3] Indeed, our Supreme Court has left no doubt that a statute that increases or decreases the damages available to a plaintiff may still be applied retroactively. See *In re Certified Questions, supra; Rookledge, supra; Ballog, supra.*

Because the SRCA does not create a new obligation or impose a new duty, and because it simply alters the remedy available to plaintiffs who have been denied their justly earned commissions, it is properly applied retroactively. Thus, the trial court erred in holding that the provisions of the SRCA were not available to plaintiffs in this case.

Reversed.

---

[2] Defendant's only authority for this position is *Lewis v Grand Rapids Plastics, Inc*, unpublished opinion per curiam of the Court of Appeals, issued July 11, 1995 (Docket No. 162962). However, unpublished opinions are not binding, and we decline to follow *Lewis*.

[3] Here, as in *Rookledge*, there can be no doubt that the Legislature, in enacting this statute, intended to remedy an existing injustice. The Senate bill analysis notes that some employers withhold commissions, knowing that many sales representatives will accept distress settlements or forgo remuneration entirely in order to avoid costly and time-consuming litigation. The SRCA was intended to ensure that sales representatives receive the commissions to which they are entitled. See Senate Legislative Analysis, SB 717, June 15, 1992. Thus, the SRCA is properly regarded as remedial in nature. See *Rookledge, supra* at 453.

SAWYER, P.J., concurred.

BANDSTRA, J. (*dissenting*). I respectfully dissent.

Plaintiffs allege that, in early 1987, the parties entered into a contract under which defendant would pay five percent commissions on sales procured by plaintiffs. Plaintiffs procured sales for defendant resulting in commission payments averaging $125,000 a year for the next three years. In August of 1990, defendant terminated the agreement and discontinued making commission payments. About a year later, plaintiffs filed this lawsuit alleging that, notwithstanding the termination of the agreement, defendant was still obligated to pay commissions on later sales. Defendant took the position that sales after the termination were not subject to the commission agreement.

After this lawsuit was commenced and long after defendant discontinued making commission payments, the sales representatives' commissions act (SRCA), MCL 600.2961; MSA 27A.2961, was passed by the Legislature in the summer of 1992. It became effective on June 29, 1992. On that date, according to the majority, defendant became potentially liable to pay up to an additional $100,000, beyond normal damages allowable under contract law principles, because of its alleged intentional failure to pay commissions within forty-five days of their becoming due.[1] Clearly, neither side contemplated that potential liability when they entered into their agreement in 1987. It is also

---

[1] One hundred thousand dollars is the statutory maximum penalty provided by MCL 600.2961(5)(b); MSA 27A.2961(5)(b). Plaintiffs' brief argues that the total commissions at issue to date are about $600,000, making defendant's potential liability $700,000, plus interest.

clear that defendant could not have contemplated this
potential liability when it first failed to make a com-
mission payment to plaintiffs following termination of
the agreement in 1990. Plaintiffs argue that, nonethe-
less, defendant's failure to make commission pay-
ments was sufficient to impose the new liability cre-
ated by the Legislature two years later. The majority
agrees.

I find this to be fundamentally unfair to defendant.
I also conclude that this result is not required or
authorized by the precedents cited by the majority.

None of the cases the majority relies on considered
a statute that, applied retrospectively, would substan-
tially change the rights established by parties through
a contract. *In re Certified Questions (Karl v Bryant
Air Conditioning Co)*, 416 Mich 558; 331 NW2d 456
(1982) (question was whether the products liability
statute adopting comparative negligence could be
applied to a common-law cause of action); *Ballog v
Knight Newspapers, Inc*, 381 Mich 527; 164 NW2d 19
(1969) (considered amendments of the judgment
interest statute); *Hansen-Snyder Co v General Motors
Corp*, 371 Mich 480; 124 NW2d 286 (1963) (considered
amendments of the mechanics' lien statute); *Rook-
ledge v Garwood*, 340 Mich 444; 65 NW2d 785 (1954)
(worker's compensation act amendments affected
common-law action against third-party tortfeasor).[2]
This is an important difference. In *In re Certified
Questions, supra* at 573, the Supreme Court recog-
nized "a distinct cleavage" between contract cases

---

[2] The majority also cited *Hughes v Judges' Retirement Bd*, 407 Mich 75;
282 NW2d 160 (1979), but the Supreme Court did not reach the retrospec-
tivity question, determining instead that "plaintiffs seek only prospective
application of the amendment." *Hughes, supra* at 87.

and cases where the retrospective application of a statute would affect some other kind of right. When retrospective application of a statute would affect contract rights, constitutional "impairment of contract" concerns are implicated. *Campbell v Judges' Retirement Bd*, 378 Mich 169, 180; 143 NW2d 755 (1966); see, also, *Byjelich v John Hancock Mut Life Ins Co*, 324 Mich 54, 61; 36 NW2d 212 (1949). Accordingly, our Supreme Court has stated the general rule that "[a] statute cannot be retroactive so as to change the substance of a contract previously entered into." *Id.*, quoting *Guardian Depositors Corp v Brown*, 290 Mich 433, 439; 287 NW 798 (1939). Similarly, the Supreme Court cited with apparent approval "the general proposition that absent a clearly expressed legislative intent to the contrary, it is to be presumed that the legislature intended an enactment to have prospective effect only," a proposition "especially true when giving a statute retroactive operation will interfere with an existing contract, destroy a vested right, create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed." *Hansen-Snyder Co, supra* at 484.

The statute applied retrospectively here will certainly "change the substance" of the parties' agreement. It will "interfere with" their contract by "creat[ing] a new liability in connection with a past transaction."[3] Accordingly, the provisions of the SRCA should not be available to plaintiffs in this lawsuit.

---

[3] Even if this were not a contract case, I find the majority's analysis problematic. Under normal contract principles, plaintiffs would be entitled only to actual damages flowing from even an intentional failure to make commission payments. The statute allows for an additional and sig-

This approach would be consistent with legislative intent. "The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent." 73 Am Jur 2d, Statutes, § 350, p 487. Thus, "the general rule against retrospective operation of statutes," *Hansen-Snyder Co, supra* at 485, is based on a judicial presumption "that the legislature intended an enactment to have prospective effect only," *id.* at 484. The opposite presumption applies with respect to statutes considered to be procedural or remedial. *Id.* at 484-485. However, regardless of these usual rules of statutory construction, legislative intent is the governing principle. A statute that would ordinarily be applied prospectively only will be applied retrospectively if that is the "clearly expressed legislative intent." *Id.* at 484. Conversely, with respect to the issue before us, procedural or remedial statutes are applied retrospectively but only where there is no legislative action showing a contrary intent. *Id.* at 485. See, also, e.g.: *People v Russo,* 439 Mich 584, 594; 487 NW2d 698 (1992) ("Statutes that operate in furtherance of a remedy . . . are held to operate retrospectively *unless a different intention is clear.*") (emphasis added); *Franks v White Pine Copper Division,* 422 Mich 636, 672; 375 NW2d 715 (1985) ("statutes which operate in furtherance of a remedy or mode of procedure . . . are generally held to operate retrospectively *unless a contrary legisla-*

---

nificant penalty to be imposed. I find it difficult to conceive how this does not "create[] a new obligation and impose[] a new duty" but, instead, "only operate[s] in furtherance of a remedy . . . already existing" under the rules enunciated in the precedents on which the majority relies. *Ante* at 636-637. The statute, in effect, creates a new cause of action to recover a penalty that is unavailable under common-law contract damages principles.

*tive intention is manifested*") (emphasis added); *Selk v Detroit Plastic Products*, 419 Mich 1, 10; 345 NW2d 184 (1984) ("Statutes which operate in furtherance of a remedy . . . are held to operate retrospectively, *unless a contrary legislative intention is manifested.*") (emphasis added). We must be "reluctant to apply" the remedial/procedural exception to the rule against retrospectivity "without extensive exploration of legislative intent." *Franks, supra* at 673.

Retrospective application of the SRCA is inconsistent with legislative intent as that intent was evidenced upon the passage of the act. The Legislature was not content to let the new law take effect ninety days after the end of the 1991-92 legislative session. Instead, the Legislature voted by a two-thirds majority to make the SRCA effective immediately on June 29, 1992. Const 1963, art 4, § 27. This would have been an unnecessary exercise if the legislators intended that the new law would be applied retrospectively. With retrospective application, regardless of the effective date, the new act was applicable to all sales representative agreement contracts, no matter when they were entered into. The legislative action in giving the SRCA immediate effect clearly evidenced an intent that the new law was to have only prospective application. "The fact that a statute [is made] effective immediately, which would be unnecessary if its operation were retrospective, is an indication that the statute was intended to operate prospectively only." 73 Am Jur 2d, statutes, § 352, p 489.

I would affirm.