DEVLIN *v.* MORSE.

1. CONSTITUTIONAL LAW—ACCRUED COMMON-LAW RIGHT OF ACTION MAY NOT BE DESTROYED BY LEGISLATION.

Existing right of action which has accrued to a person under rules of common law or in accordance with its principles is vested property right which may not be destroyed or impaired by legislation.

2. MOTOR VEHICLES—NEGLIGENCE—GUEST PASSENGER'S RIGHT OF ACTION NOT DESTROYED BY STATUTE.

Guest passenger's common-law right of action based on ordinary negligence of automobile owner, which accrued before enactment of Act No. 19, Pub. Acts 1929, relieving automobile owners from liability to gratuitous guests except for injuries occasioned by "gross negligence or wilful and wanton misconduct," was not destroyed or affected by said statute.

3. SAME—DRIVER FALLING ASLEEP AT WHEEL.

Automobile owner who had taxed his powers of endurance with intoxicating drink and loss of sleep so that he fell asleep at steering wheel while driving guest passenger to her home, resulting in her injury, was guilty of actionable negligence.

Liability of owner of automobile for injury to guest due to negligent operation, see annotation in 20 A. L. R. 1014; 26 A. L. R. 1425; 40 A. L. R. 1338; 47 A. L. R. 327; 51 A. L. R. 581; 61 A. L. R. 1252.

Error to Wayne; McMahon (Maurice H.), J. Submitted January 20, 1931. (Docket No. 106, Calendar No. 35,293.) Decided April 7, 1931.

Case by Helen Devlin against Harlow Morse for personal injuries received while a guest passenger in defendant's automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*Barbour & Martin* (*Henry C. L. Forler,* of counsel), for plaintiff.

*Edward A. Smith,* for defendant.

WIEST, J. This is an action to recover damages for personal injuries received by plaintiff while riding as a gratuitous guest in defendant's automobile.

Plaintiff and defendant, together with others, the night of January 26, 1929, visited places where they danced and partook of refreshments. Plaintiff admits drinking a glass of beer and defendant admits that he had drinks. At an early hour in the morning defendant, while taking plaintiff to her home, and driving at a speed of about 30 miles per hour, fell asleep at the steering wheel, the automobile ran into a safety platform post, and plaintiff received a broken leg and bruises. Trial was had before the court without a jury. Defendant was found guilty of "gross and wanton negligence" and cast in damages.

After the accident, and before this suit was brought, Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648), relieved owners of motor vehicles from liability to gratuitous guests except for injuries occasioned by "gross negligence or wilful and wanton misconduct." At the time of injury there

accrued to plaintiff a common-law right of action, based on ordinary negligence of defendant.

Three questions are presented:

".(a)   There was no negligence on the part of defendant.

"(b)   That if the defendant was negligent the plaintiff herein was guilty of contributory negli-, gence which would bar her recovery. .

"(c)   The provisions of Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648), prevent the plain-tiff recovering except in case of gross negligence or wanton and wilful misconduct and there is no proof of gross negligence in this case."

As well stated in 12 C. J. p. 972:

"An existing right of action which has accrued to a person under the rules of the common law, or in accordance with its principles, is a vested property right which may not be destroyed or impaired by legislation."

This in nowise conflicts with what we said in *Bejger* v. *Zawadski,* 252 Mich. 14.   In that case a statute relieved the plaintiff from making proof required at common law, and, before trial, the statute was repealed and plaintiff was put to proof as at common law.   What the statute gave the statute could take away, there being no contract relation.

In the case at bar the statute takes away the common-law right of action for injuries after its enactment but not before.   The plaintiff's right of action was given by common law and not by statute, accrued before the enactment of the statute, and could not be destroyed or impaired by subsequent legislation.   In *Siller* v. *Siller* (Conn.), 151 Atl. 524, a similar "guest act" was held not to affect an accrued previous common-law right of action.

In *Dunlap* v. *Railway Co.,* 50 Mich. 470, it was held (syllabus):

"A common-law right of action is property, and as such is within the rules of constitutional protection."

It was not necessary for the court below to find defendant guilty of gross and wanton negligence. Was defendant guilty of negligence? Defendant had been up all night, had taxed his powers of endurance with drink and by loss of sleep, and it was actionable negligence, under the circumstances, for him to continue driving until overcome by "tired nature's sweet restorer." See *People* v. *Robinson,* 253 Mich. 507. The approach of sleep is indicated by premonitory symptoms.

The question was considered at length in *Bushnell* v. *Bushnell,* 103 Conn. 583 (131 Atl. 432, 44 A. L. R. 785). We quote:

"In such a case, the question must be, Was the defendant negligent in permitting himself to fall asleep? *Helton* v. *Railroad Co.,* 97 Ala. 275, 284 (12 South. 276). The defendant argues that, granted that premise, then he cannot be charged with negligence because no man can tell when sleep will fall upon him. It is probably true that one cannot ordinarily fix with certainty upon the precise moment when he lapses into unconsciousness, but it is not true that ordinarily sleep comes unheralded.  *  *  * In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent; it lies within his own control to keep awake or cease from driving; and so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a *prima facie* case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven."

There was no want of care on the part of plaintiff.

Judgment affirmed, with costs against defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.